UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY C. SULLIVAN<br>Plaintiff<br><br>v.<br><br>PACE FINANCIAL SOLUTIONS, LLC &<br>JANE DOE a/k/a Julie<br>Defendants | ) | CIVIL ACTION<br><br>COMPLAINT<br><br><br><br><br><br><br>FEBRUARY 11, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes a pendent state law claim for violations of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, and for intentional infliction of emotional distress.

### II. PARTIES

2. The plaintiff, Timothy C. Sullivan, is a natural person residing in Wolcott, CT.

3. The defendant, Pace Financial Solutions, LLC ("Pace"), is a Maryland based limited liability company engaged in the business of debt collection and is not licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4. Defendant Jane Doe a/k/a Julie ("Julie") is an employee of Pace who works as a debt collector. Julie's identity and state of residence are not known to Plaintiff but are ascertainable in discovery.

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367 and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over Pace because it engages in debt collection activities within Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff owed a debt associated with a Washington Mutual account, and Pace subsequently purchased the rights to that debt.

9. On or around December 14, 2009, a Pace representative called Plaintiff and left a message in an attempt to collect the debt; on that message, the representative left a name and phone number but failed to state that the call was from a debt collector and failed to provide the identity of the debt collector.

10. Plaintiff called in response to the aforementioned message and spoke with a Pace representative, and during that conversation, Plaintiff informed Pace that he was pursuing bankruptcy, and he provided Pace with his attorney's contact information.

11. On or around December 31, 2009, Pace called Plaintiff's cell phone and left a message, which message failed to state that the call was from a debt collector and failed to provide the identity of the debt collector.

12. Julie called and left a message for Plaintiff on or around January 20, 2010; on that message, Julie failed to state that the call was from a debt collector and failed to provide the identity of the debt collector, and she stated that she needed to hear back from him and was trying to help him out, and that something was going to happen if Plaintiff failed to call Pace back.

13. Plaintiff continued to receive calls from Pace that same day, and Julie called and left a message for Plaintiff on or around January 20, 2010; on that message, she failed to state that the call was from a debt collector and failed to provide the identity of the debt collector, and she stated that he needed to call her back and stop playing games with her; she also implied that she had called his mother.

14. On or around January 27, 2010, Pace made multiple calls to Plaintiff, and Julie called and left a message for Plaintiff; on that message, Julie left a telephone number and referenced an alleged agreement between Plaintiff and Pace; her message failed to state that the call was from a debt collector and failed to provide the identity of the debt collector.

15. Plaintiff was not aware of having ever entered into any agreement with Pace, and Plaintiff called Julie at the number she left and spoke with her, and during that conversation, Plaintiff told Julie that he had already given Pace his attorney contact information; Julie confirmed that they had his attorney's information already on their database, but that they had two Tim Sullivan's they were trying to collect from and had mistakenly called Plaintiff, and then she proceeded to ask him whether he was filing for bankruptcy, and Plaintiff again referred her to his attorney and hung up the phone.

16. Pace continued to make calls to Plaintiff.

## V. CAUSES OF ACTION

### First Count - Fair Debt Collection Practices Act - Pace

17. Plaintiff incorporates Paragraphs 1-16.

18. Pace violated the FDCPA by continuing to contact Plaintiff notwithstanding that Pace already had contact information for Plaintiff's attorney, leaving Plaintiff messages that failed to meaningfully identity the collector and failed to state that the communication was from a debt collector, deceptively referring to an alleged agreement, calling and/or threatening to have called Plaintiff's mother, vaguely suggesting something was going to happen if Plaintiff failed to call back, and continuing to ask Plaintiff questions about his bankruptcy after acknowledging that Pace knew about and had contact information for Plaintiff's attorney.

### Second Count - Creditor Collection Practices Act – Pace

19. Plaintiff incorporates Paragraphs 1-16.

20. Pace violated the CCPA by continuing to contact Plaintiff notwithstanding Pace already had contact information for Plaintiff's attorney, leaving Plaintiff messages that failed to meaningfully identity the collector, deceptively referring to an alleged agreement, calling and/or threatening to have called Plaintiff's mother, vaguely suggesting that something was going to happen if Plaintiff failed to call Pace back, and continuing to ask Plaintiff questions about his bankruptcy after acknowledging that Pace knew about and had contact information for Plaintiff's attorney.

### Third Count - Fair Debt Collection Practices Act - Julie

21. Plaintiff incorporates Paragraphs 1-18.

22. Julie violated the FDCPA for the reasons identified in Paragraph 18.

**Fourth Count - Intentional Infliction of Emotional Distress – Pace & Julie**

23. Plaintiff incorporates Paragraphs 1-16.

24. Pace and Julie knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

25. Pace's and Julie's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

26. Pace's and Julie's actions were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

**Fifth Count - Connecticut Unfair Trade Practices Act – Pace**

27. Plaintiff incorporates Paragraphs 1-16.

28. Pace violated CUTPA by its debt collection activities described above.

29. Plaintiff suffered an ascertainable loss as a result of Pace's collection activities described above.

30. Pace's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages (including emotional distress damages), statutory damages, attorney's fees and costs pursuant to 15 U.S.C. § 1692k and Public Act No. 07-176; monetary damages pursuant to Conn. Gen. Stat. § 42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, TIMOTHY C. SULLIVAN**

By: ______________________

Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457